UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

DAVID GAMBLIN, JR., )
)
    *Plaintiff*, )
) Case No. 1:25-cv-348
v. )
) Judge Curtis L. Collier
COWAN POLICE DEPARTMENT *and* )
ALLEN WILKINSON, )
)
    *Defendants*. )

# M E M O R A N D U M

Before the Court is a motion by Defendants, Cowan Police Department and Allen Wilkinson to dismiss the amended complaint of Plaintiff, David Gamblin, Jr., under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 9.) Plaintiff failed to respond in opposition. For the reasons set out below, the Court will **GRANT** Defendants' motion (Doc. 9) and **DISMISS** this action.

## I.    BACKGROUND

On October 14, 2025, Plaintiff initiated this action by filing a "Letter of Intent to Sue" in the Circuit Court of Franklin County, Tennessee alleging a deprivation of his constitutional rights under 42 U.S.C. § 1983. (Doc. 1-2.) Defendants removed the case to this Court on November 13, 2025. (Doc. 1.) Following a Court order (Doc. 5), Plaintiff filed an amended complaint on December 18, 2025, asserting claims against Chief Allen Wilkinson and the Cowan Police Department. (Doc. 6.)

Plaintiff's claims arise from two separate arrests in October 2024. (Doc. 6.) Plaintiff alleges that on October 15, 2024, an individual named Terry Cagle started a confrontation with him, resulting in Plaintiff's being arrested for disorderly conduct. (*Id.* at 4.) Plaintiff further

alleges that on October 16, 2024, Mr. Cagle returned to Plaintiff's residence and initiated another confrontation, during which Plaintiff used pepper spray in self-defense. (Doc. 6 at 4.) Following this second altercation, Plaintiff was arrested for reckless endangerment and aggravated assault. (*Id.*)

On March 3, 2025, a Franklin County Grand Jury indicted Plaintiff for disorderly conduct in connection with the October 15 arrest, and for aggravated assault and reckless endangerment in connection with the October 16 arrest. (Doc. 9-1.)

On January 9, 2026, Defendants filed a motion to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 9.) Plaintiff failed to file a response to Defendants' motion.

II. <u>**STANDARD OF REVIEW**</u>

A. **Rule 12(b)(6) Standard**

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court is not, however, bound to accept bare assertions of legal conclusions as true. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The court must determine whether "the claimant is entitled to offer evidence to support the claims,"

2

not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). To survive dismissal, the complaint must contain direct or inferential allegations respecting all material elements of a viable legal theory. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). Finally, filings by pro se litigants are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, though they must still comply with the rules of procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B. Failure to Respond

Local Rule 7.1(a)(2) specifies that a plaintiff has twenty-one days to respond to a dispositive motion. Under Local Rule 7.2, a failure to respond may be deemed a "waiver of any opposition to the relief sought." However, the Court of Appeals for the Sixth Circuit has held that a district court cannot grant a motion to dismiss solely based on a procedural defect or a failure to respond. *See Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991). As the Supreme Court has articulated, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Accordingly, the Court must independently evaluate the substantive merits of the motion to determine whether the amended complaint meets federal pleading standards.

### III. <u>DISCUSSION</u>

### A. Cowan Police Department's Capacity to be Sued

Defendants argue that the Cowan Police Department must be dismissed because it is not a suable entity. (Doc. 9; Doc. 10 at 3.) Under Federal Rule of Civil Procedure 17(b)(1), a defendant's capacity to be sued is determined by the law of the state where the court is located. Under Tennessee law, municipal police departments are not independent municipal corporations;

instead, they are sub-units of the municipality itself. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Petty v. Cnty. of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007). Because a police department is merely an agency of the municipality and not a separate legal entity under Tennessee law, it is not a "person" capable of being sued under 42 U.S.C. § 1983. *See Mathes v. Metro. Gov't of Nashville & Davidson County*, No. 3:10-cv-0496, 2010 U.S. Dist. LEXIS 87862 at *5 (M.D. Tenn. Aug. 25, 2010). Because the Cowan Police Department lacks an independent legal existence from the municipality, it lacks the capacity to be sued. All claims against the Cowan Police Department will be **DISMISSED**.

### B. Factual Sufficiency of Claims Against Chief Wilkinson - Official Capacity

Defendants also contend that the amended complaint fails to state a claim against Chief Wilkinson in any capacity. (Doc. 9; Doc. 10 at 3-5.) Suing a government official in their official capacity is legally identical to suing the municipality itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To establish municipal liability, a plaintiff must show that a municipal custom or policy caused the constitutional violation. *Monell v. Dept. of Soc. Servs*, 436 U.S. 658, 694 (1978). Furthermore, governmental supervisors cannot be held liable under § 1983 via vicarious liability. A § 1983 plaintiff must prove that a defendant was personally at fault and that the official's own actions caused the injury. *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020); *Beck v. Hamblen Cnty., Tenn.*, 969 F.3d 592, 600 (6th Cir. 2020). A plaintiff must allege that the official personally participated in, encouraged, or directly authorized the unconstitutional conduct. *Iqbal*, 556 U.S. at 676; *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006).

Chief Wilkinson is not mentioned in the factual narrative of the amended complaint. (Doc. 6.) His name appears only in the case caption and party identification section. (*Id.* at 1-2.) The pleading contains no allegations of personal involvement by Chief Wilkinson, nor does it identify

4

an unconstitutional municipal policy.  Accordingly, Plaintiff fails to state a claim against Chief Wilkinson, and these claims will be **DISMISSED**.

### C. Individual-Capacity Claims

Plaintiff asserts individual-capacity claims against Chief Wilkinson for violations of his civil rights under the First and Fourth Amendments.  These claims require a showing that the arresting officers lacked probable cause.  *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002); *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009).  Similarly, a plaintiff bringing a First Amendment retaliatory arrest claim must plead and prove the absence of probable cause.  *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019).  Probable cause exists when facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person in believing an offense was committed.  *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 302 (6th Cir. 2005).

The Court of Appeals for the Sixth Circuit has held that a grand jury indictment creates a definitive, rebuttable presumption that probable cause existed for the arrest and prosecution. *Barnes v. Wright*, 449 F.3d 709, 720 (6th Cir. 2006).  To overcome this presumption at the pleading stage, a plaintiff must allege specific facts showing the defendants intentionally fabricated evidence or knowingly misled the grand jury. *Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015); *Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014).

These indictments conclusively establish probable cause for Plaintiff's arrests.  The amended complaint fails to allege any facts suggesting the grand jury was misled or that indictments were secured through fraud.  (Doc. 6.)  Because the unchallenged existence of probable cause is established, Plaintiff cannot maintain his civil rights claims, and they will be **DISMISSED**.

5

**D. Qualified Immunity**

Chief Wilkinson asserts he is entitled to qualified immunity. (Doc. 9; Doc. 10 at 7-8.) Qualified immunity shields government officials from personal liability under § 1983 unless their conduct violates clearly established constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This protection applies to all but the plainly incompetent or those who knowingly violate the law. *Hunter v. Bryant*, 502 U.S. 224, 229 (1991). The Court applies a two-pronged test: (1) whether the facts alleged show the official's conduct violated a constitutional right, and (2) whether the right was clearly established. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Ashcroft v. Al-Kidd*, 563, U.S. 731, 741 (2011).

Because Plaintiff has failed to allege facts demonstrating Chief Wilkinson personally engaged in any unconstitutional conduct, and because the grand jury indictments establish an unrebutted presumption of probable cause, no constitutional violation has been stated. Chief Wilkinson is therefore entitled to qualified immunity, and the individual-capacity claims will be **DISMISSED**.

## IV.    CONCLUSION

Defendants' motion to dismiss (Doc. 9) will be **GRANTED**. Plaintiff's amended complaint (Doc. 6) will be **DISMISSED**.

**An appropriate order will enter.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

6